IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| IMAN HUIETT (NEXT OF KIN) O/B/O D.D. (MINOR),<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§ Civil Action No. 7:20-cv-00085-M-BP<br>§<br>§<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Iman Huiett ("Plaintiff") filed this action on behalf of her minor child, D.D., under 42 U.S.C. § 405(g), seeking judicial review of the denial by the Commissioner of Social Security ("Commissioner") of her application on D.D.'s behalf for supplemental security income ("SSI") payments under Title XVI of the Social Security Act ("SSA"). ECF No. 1. After considering the pleadings, briefs, and administrative record, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **AFFIRM** the Commissioner's decision.

I.    **STATEMENT OF THE CASE**

D.D. was born on June 24, 2009. Soc. Sec. Admin. R. (hereinafter "Tr."), ECF No. 18-1 at 22. On November 9, 2016, Plaintiff filed an application for SSI on D.D.'s behalf. Tr. 19. Plaintiff alleged that D.D.'s disability began on November 9, 2016. *Id.* The Commissioner initially denied the claim on February 27, 2017 and denied it again upon reconsideration on July 25, 2017. *Id.* Plaintiff requested a hearing, which was held before Administrative Law Judge ("ALJ") Douglas S. Stults on November 15, 2018, in Lawton, Oklahoma, with the Plaintiff, D.D., and their attorney

present. *Id.* The ALJ issued an unfavorable decision on June 14, 2019, finding that based on the applications for SSI, D.D. was not disabled. Tr. 33.

In the decision, the ALJ employed the statutory three-step analysis used in determining whether a child is considered disabled. Tr. 20 (citing 20 C.F.R. § 416.924(a)). At step one, the ALJ determined that D.D. had not engaged in substantial gainful activity since November 9, 2016, the application date. Tr. 22. At step two, he determined that D.D. had the severe impairments of attention deficit hyperactivity disorder ("ADHD") and borderline intellectual functioning. *Id.* At step three, he found that D.D.'s impairments did not meet or medically equal the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App. 1. *Id.*

The Appeals Council denied review on May 4, 2020. Tr. 5. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *See Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[T]he Commissioner's 'final decision' includes the Appeals Council's denial of [a claimant's] request for review.").

**II.   STANDARD OF REVIEW**

Title II, 42 U.S.C. § 404 *et seq.*, of the SSA governs the disability insurance program in addition to numerous regulations concerning disability insurance. *See* 20 C.F.R. § 404. The SSA defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999).

To determine whether a child is disabled, the Commissioner employs a sequential three-step analysis. 20 C.F.R. § 416.924(a). First, the child must not be engaged in any substantial gainful activity. 20 C.F.R. § 416.924(b). "'Substantial gainful activity' is work activity involving

significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002) (citing 20 C.F.R. § 404.1572(a)-(b)). Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 416.924(c). Third, disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.924(d).

"A finding that a claimant is disabled or is not disabled at any point in the [three]-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). The Court reviews the Commissioner's decision to determine whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (internal quotation marks omitted) (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)). The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Id.*; *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (internal punctuation omitted) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

### III. ANALYSIS

Plaintiff raises one issue on appeal. She claims that the ALJ erred by failing to properly weigh the medical opinion of licensed psychologist, Richard Kownacki, PhD ("Dr. Kownacki"). ECF No. 20 at 1. Plaintiff argues that the ALJ failed to give reasons why he did not give controlling weight to Dr. Kownacki's examining opinion, but instead relied on the opinions of medical providers who had not examined D.D. *Id.* at 8. The Commissioner argues that the ALJ did not err in discounting Dr. Kownacki's opinion because he did not properly assess D.D.'s functioning and limitations. ECF No. 21 at 3. For the following reasons, the Court concludes that the ALJ did not err in the weight he gave to Dr. Kownacki's opinion.

"Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 416.927(a)(1). A licensed psychologist is an acceptable medical source. *Id.* § 416.902(a)(2). Therefore, the Court considers Dr. Kownacki to be an acceptable medical source.

A treating medical source is a claimant's "own acceptable medical source who provides [the claimant], or has provided [the claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." *Id.* § 404.927(a)(2). The record reflects only one encounter between D.D. and Dr. Kownacki. Tr. 355-59. Dr. Kownacki evaluated D.D. on July 21, 2016, after the child's pediatrician, Jesus Ucol, MD, referred D.D. for an evaluation concerning ADHD, behavioral problems, and cognitive issues. *Id.* Because one evaluation of a claimant is not sufficient to create an ongoing treatment relationship, Dr. Kownacki

4

is not a treating medical source. *Robinson v. Astrue*, 271 F. App'x 394, 396 (5th Cir. 2008); *see* 20 C.F.R. § 416.927(a)(2).

Federal regulations expressly require ALJs to evaluate "every medical opinion" of record. 20 C.F.R. § 416.927. The Social Security Administration states that it "will always give good reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's medical opinion." 20 C.F.R. § 416.927(c)(2). An ALJ should give a treating physician's opinion "great weight" in determining disability, but if good cause is shown, the ALJ may give the opinion little or no weight. *Rollins v. Astrue*, 464 F. App'x 353, 355 (5th Cir. 2012). The ALJ does not need to specifically cite each piece of medical evidence that he considered. *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005).

Plaintiff argues that the ALJ failed to discuss, consider, evaluate, or acknowledge Dr. Kownacki's opinion from his examination of D.D. on July 21, 2016. ECF No. 20 at 5 (citing Tr. 25-26). Plaintiff's argument is unpersuasive because the ALJ considered Dr. Kownacki's psychological evaluation in his decision. *See* Tr. 25. The ALJ did not quote Dr. Kownacki's evaluation, but this is not error because an "ALJ's failure to mention a particular piece of evidence does not necessarily mean that he failed to consider it." *Hammond v. Barnhart*, 124 F. App'x 847, 851 (5th Cir. 2005). The record shows that the ALJ evaluated Dr. Kownacki's opinion along with evidence from other medical providers including Mehdi Sharifian, M.D.; Michele Chappuis, Ph.D.; Yvonne Post, D.O.; Monica Fisher, M.D.; and Leon Morris, Ed. D. Tr. 23-32. Plaintiff has not shown that the ALJ rejected Dr. Kownacki's opinion, failed to evaluate it, or assigned it improper weight. As a result, the Court cannot reverse on this ground.

Further, Plaintiff argues that the ALJ relied on the opinions of non-examining sources rather than examining medical sources for his findings concerning D.D.'s "acquiring and using

5

information" and "attending and completing tasks." ECF No. 20 at 8. Plaintiff claims that the ALJ erred by not explaining why he gave greater weight to the opinion of non-examining sources rather than Dr. Kownacki. *Id*. Ultimately, Plaintiff alleges that the ALJ's failure to evaluate or properly weigh Dr. Kownacki's opinion was harmful error because substantial evidence does not support his determination that D.D. was not disabled. *Id.* at 12.

An ALJ determines whether a claimant's impairment or combination of impairments functionally equals the Listings by reviewing the claimant's abilities in six broad domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; (6) and health and physical well-being. 20 C.F.R. § 416.926a(b)(1). For an impairment or combination of impairments to be functionally equivalent the "impairment(s) must be of listing-level severity; i.e., it must result in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." *Id.* § 416.926a(a).

When evaluating the extent of a claimant's functional equivalence, the ALJ must consider medical opinions together with the rest of the relevant evidence in the record. *Id.* § 416.926a(b)(3). Plaintiff has not shown a lack of credible evidence or medical findings that support the ALJ's finding. Plaintiff argues that "the ALJ failed to analyze critical evidence of D.D.'s ADHD." ECF No. 20 at 12. However, in reaching his determination, the ALJ cited the examining psychologists' evaluations, assessments of the psychological and medical consultants, reports from D.D.'s mother and his school, and D.D.'s testimony, all of which indicated that D.D. had a "'less than marked' limitation in acquiring and using information" and a "'less than marked' limitation in attending and completing tasks." Tr. 27-28.

To successfully challenge the ALJ's decision, Plaintiff must show that there was insufficient evidence for a reasonable person to reach the same conclusion as the ALJ, not that some contradictory evidence might exist. *Newton*, 209 F.3d at 453. Plaintiff's disagreement with the ALJ's formulation of D.D.'s functional equivalence does not carry the burden of establishing that substantial evidence does not support the ALJ's determination. The record reflects that the ALJ considered the evidence as a whole, and substantial evidence supports the ALJ's decision.

## IV. CONCLUSION

Because the ALJ employed the correct legal standards, substantial evidence in the record supports his decision, and Plaintiff has failed to show that reversal of the decision is required, the undersigned **RECOMMENDS** that Chief Judge Lynn **AFFIRM** the Commissioner's decision.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on July 1, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

8